OPINION
On September 26, 1998, appellant, William LaRue, was charged with one count of driving under the influence in violation of R.C.4511.19(A)(1). By notice dated September 30, 1998, the trial court set a bench trial for October 27, 1998. On said date, appellant appeared for trial without counsel. The trial court found appellant guilty. By judgment entry filed October 30, 1998, the trial court sentenced appellant to one hundred eighty days in jail, ninety days suspended, and imposed a $750.00 fine. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I ABSENT A KNOWING, INTELLIGENT WAIVER OF COUNSEL, NO PERSON MAY BE INCARCERATED FOR ANY OFFENSE, UNLESS HE WAS REPRESENTED BY HIS COUNSEL.
 I
Appellant claims the trial court erred in trying and sentencing him to a jail term without waiver of counsel. We disagree. Appellant argues the United States Supreme Court's ruling in Faretta v. California (1975), 422 U.S. 806, 807, is controlling: The Sixth and Fourteenth Amendments of our Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to assistance of counsel before he can be validly convicted and punished by imprisonment.
Although we concur with the holding in Faretta, we do not find it to be dispositive sub judice. By entry filed September 28, 1998, the trial court memorializes for the record that it advised appellant of his rights. Presumably, appellant was advised of his right to counsel if he was indigent. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. By notice dated September 30, 1998, the trial court informed appellant that his trial date was set for October 27, 1998. On said date, appellant appeared for trial without counsel. The state proceeded to call the first witness, Sergeant John Snodgrass. After the completion of his direct testimony, the following exchange occurred between the trial court and appellant:
 JUDGE: Mr. Larue do you have any questions for the officer?
 WITNESS: First I would like to say that I don't have representation, Your Honor. I had a lawyer and I don't know what happened, I don't know why he is not here and why he hasn't contacted your office.
 JUDGE: Mr. Larue there has been no filings of any documents by any attorney in this mater, this matter was scheduled some twenty eight days after your initial appearance in court and that is more than sufficient time to secure counsel. The matter is proceeding today and my questions stands.
Upon review, we find the record does not substantiate that appellant was indigent or requested a court appointed attorney or timely requested a continuance. In Argersinger v. Hamlin (1972),407 U.S. 25, as cited by appellant, the United States Supreme Court reviewed the history of the right to counsel. It is clear a violation of said right will result in reversal. However, this right attaches only to indigent defendants: In Gideon v. Wainwright, supra [(1963), 372 U.S. 335] (overruling Betts v. Brady, 316 U.S. 455), we dealt with a felony trial. But we did not so limit the need of the accused for a lawyer. We said:
 `(I)n our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth. Governments, both state and federal, quite properly spend vast sums of money to establish machinery to try defendants accused of crime. Lawyers to prosecute are everywhere deemed essential to protect the public's interest in an orderly society. Similarly, there are few defendants charged with crime, few indeed, who fail to hire the best lawyers they can get to prepare and present their defenses. That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the widespread belief that lawyers in criminal courts are necessities, not luxuries. The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours. From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals in which every defendant stands equal before the law. This noble ideal cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him.' 372 U.S., at 344.
No trial court can be required to secure counsel for all who appear before it. To accept appellant's argument that a person who appears pro se may never be incarcerated would encourage all persons to appear without counsel because they would never have to serve jail time. Appellant's request for a continuance was untimely and we find no abuse of discretion in so denying the request. See, State v. Unger (1981), 67 Ohio St.2d 65. The sole assignment of error is denied.
The judgment of the County Court of Perry County, Ohio is hereby affirmed.